**Donna Chris LINDAMOOD,
Plaintiff–Appellant,**

v.

**FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Defendant–Appellee.**

No. 15–11206
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 27, 2015.

Before HULL, ROSENBAUM, and EDMONDSON, Circuit Judges.

**PER CURIAM:**

Donna Chris Lindamood appeals the district court's grant of summary judgment in favor of her former employer, the Florida Department of Business and Professional Regulation ("Department"). Lindamood, who was sixty years old when her employment was terminated, alleges that she was discriminated against based on her age, in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1)(a).[1] The district court's grant of summary judgment was by a comprehensive and reasoned, written order. No reversible error has been shown; we affirm.[2]

For purposes of summary judgment, the parties stipulated that Lindamood had established a *prima facie* case of age discrimination and that the Department had provided a legitimate, age-neutral reason for terminating Lindamood's employment: poor job performance. On the sole issue remaining on summary judgment, the district court concluded that Lindamood failed to present sufficient evidence to show that the Department's age-neutral reason for terminating her employment was a pretext for discrimination. In ruling on the Department's motion for summary judgment, the district court cited to and applied the proper legal standard, viewing the evidence and drawing all reasonable inferences in favor of Lindamood.

Because Lindamood's claim is based on circumstantial evidence, we apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Chapman v. AI Transp.,* 229 F.3d 1012, 1024 (11th Cir.2000) (en banc); *see also Zaben v. Air Prods. & Chems.,*

---

1. Lindamood has abandoned expressly her claims against the Department for disability discrimination under the FCRA and under the Rehabilitation Act of 1973, 29 U.S.C. § 794.

2. We review *de novo* the district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1363 (11th Cir.2007).

129 F.3d 1453, 1455 n. 2 (11th Cir.1997) (age-discrimination claims brought under the FRCA are examined using the same framework used to decide actions brought under the Age Discrimination in Employment Act). Under *McDonnell Douglas*, the plaintiff must first establish a *prima facie* case of age discrimination, which creates a presumption of unlawful discrimination against the employee. *Chapman*, 229 F.3d at 1024. The burden then shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the challenged employment action." *Id.*

To survive a motion for summary judgment, a plaintiff must then "introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." *Brooks v. Cnty. Comm'n*, 446 F.3d 1160, 1163 (11th Cir.2006). A plaintiff may show pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Kragor v. Takeda Pharms. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir.2012). The plaintiff must show *both* that the employer's stated reason is false *and* that discrimination was the real reason for the adverse action. *Brooks*, 446 F.3d at 1163.

A plaintiff cannot show pretext by recasting an employer's stated nondiscriminatory reason or by substituting her business judgment for that of the employer. *Chapman*, 229 F.3d at 1030. "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Id.* "[T]he ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." *Brooks*, 446 F.3d at 1162.

Lindamood was hired in 2006 as a senior attorney in the Department's Division of Real Estate. One of Lindamood's main responsibilities was to handle cases before the Florida Real Estate Appraisal Board ("Board"); the Board addresses complaints about licensed appraisers.

The Department contends that Lindamood's employment was terminated based on her poor performance presenting cases at a December 2011 Board meeting.[3] In an affidavit, the Department's Deputy Secretary (the Department's second in command) said that Lindamood appeared "very disorganized and unprepared for her presentations" and that he considered her performance to be an embarrassment to the Department.[4] Sometime during the two-day Board meeting, the Deputy Secretary expressed his concern about Linda-

---

**3.** The Department identified three other reasons for the decision to fire Lindamood, including deficiencies in Lindamood's legal drafting and presentation skills, that two of Lindamood's cases resulted in petitions for attorneys' fees being filed against the Department, and the overall performance issues within Lindamood's division. Because Lindamood has failed to rebut sufficiently the Department's first legitimate nondiscriminatory reason for terminating her employment (poor performance at the December 2011 Board meeting), we need not consider the Department's additional reasons. *See Crawford v.*

*City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir.2007) ("If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a. motion for summary judgment.").

**4.** Also of importance was that members of the Appraisal Subcommittee ("ASC"), the federal agency responsible for overseeing the Department, were in attendance at the December 2011 Board meeting as part of the Department's biennial compliance audit.

mood's performance to the Department's General Counsel, L. Layne Smith, describing Lindamood's presentations to the Board as "dreadful." In the light of the Deputy Secretary's expressed concerns,[5] Smith decided to terminate Lindamood's employment, effective January 2012.

Because Lindamood's alleged poor performance at the December 2011 meeting alone could motivate a reasonable employer to terminate her employment, Lindamood must rebut the Department's proffered reason head on. *See Chapman,* 229 F.3d at 1030. Lindamood failed to do so. Lindamood presented no argument rebutting that the Deputy Secretary told Smith—or that Smith believed in good faith—that Lindamood's presentation at the December 2011 Board meeting was "dreadful."

Instead, Lindamood contends that she had historically performed well at her job and challenges whether the Deputy Secretary was actually present at the December 2011 meeting. That Lindamood considers herself a good employee has no bearing on our analysis of pretext. *See Alvarez v. Royal Atl. Developers, Inc.,* 610 F.3d 1253, 1266 (11th Cir.2010) ("The inquiry into pretext centers on the employer's beliefs, not the employee's beliefs, and . . . not on reality as it exists outside of the decision maker's head.").

The Deputy Secretary's actual attendance at the December 2011 meeting is also immaterial. "An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or· for no reason at all, as long as its action is not for a discriminatory reason." *Id.* Thus, Smith was entitled to terminate Lindamood's employment based on his honest belief (even if mistaken or unfair) that Lindamood performed poorly at the De-

cember 2011 meeting or based on his belief that the Deputy Secretary was dissatisfied with Lindamood's performance. *See id.* Lindamood has presented no significantly probative evidence showing that the Department's proffered reason was pretextual.

Lindamood also attempts to show pretext by asserting that she was treated differently from a similarly-situated employee outside of her protected class. In determining whether employees are similarly situated for purposes of showing circumstantial evidence of discrimination, we must "consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Maniccia v. Brown,* 171 F.3d 1364, 1368 (11th Cir.1999). "We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions." *Id.*

Lindamood has failed to demonstrate that her proffered comparator, Nicole McLaren, was similarly situated. The record shows that McLaren was· fired "for failing to take responsibility, failure to follow directions, multiple and consistent errors, inability to effectively handle her caseload, and for being untruthful." Nothing evidences that McLaren performed poorly at a meeting in front of the Board and the ASC or that Smith received complaints from the Department's Deputy Secretary about McLaren's performance. Because Lindamood has failed to identify a truly similarly-situated employee outside her protected class who was treated more favorably, she has raised no genuine issue of material fact about pretext.

Lindamood has failed to demonstrate either that the Department's legitimate,

non-discriminatory reason for terminating her employment was false or that discrimination was the real reason for her termination. *See Brooks*, 446 F.3d at 1163. We affirm the district court's grant of summary judgment.

AFFIRMED.